# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2013

No. 12-60056
Summary Calendar

Lyle W. Cayce
Clerk

RUIQIN WENG,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 775 547

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ruiqin Weng, a native and citizen of China, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), based on her involvement in the family church, a Christian church in people's homes. The Immigration Judge (IJ) made an adverse credibility finding and determined that Weng failed to provide sufficient corroborating evidence. The IJ therefore denied Weng's claims for asylum, withholding of removal, and relief under the CAT. As to Weng's CAT claim, the IJ further determined that there

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was an insufficient basis to conclude that Weng would more likely than not be tortured if she returned to China.  The Board of Immigration Appeals (BIA) agreed with the IJ and found that Weng failed to carry her burden of proof for her asylum and withholding of removal claims because she lacked credibility and because she did not provide sufficient corroborating evidence.  The BIA also agreed that Weng failed to establish eligibility for protection under the CAT because she had not demonstrated that it was more likely than not that she would be tortured if removed to China.  Thus, the BIA dismissed Weng's appeal.

Weng argues that the IJ and BIA erred in determining that she was not credible and that she failed to adequately corroborate her claim.  We review factual findings for substantial evidence. *Lopez-Gomez v. Aschroft*, 263 F.3d 442, 444 (5th Cir. 2001).  "Under this standard, reversal is improper unless [the court] decide[s] not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005)(internal quotation marks and citation omitted).  Among the findings of fact that this court reviews for substantial evidence is the conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Id*.

Under the REAL ID Act of 2005, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).  This court will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id*. (internal quotation and citation omitted).

The adverse credibility finding here is supported by substantial evidence. There were inconsistencies between Weng's applications and inconsistencies between Weng's applications and oral testimony.  Moreover, Weng failed to

corroborate her claims by providing a copy of the bond payment, a copy of the guarantee letter, and letters from family members. Given the totality of the circumstances, it is not "plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 538 (internal quotation marks and citation omitted). Accordingly, we defer to the credibility findings of the IJ and BIA. *See id.*

Weng also argues that the IJ and BIA erred in denying relief under the CAT because she experienced cruel and inhumane treatment when the police banged her head on the table. In light of the fact that Weng was able to freely travel in order to obtain her visa and that there is no evidence in the record indicating that her relatives were harmed while living in China, the evidence does not compel a conclusion contrary to the IJ's and BIA's determination that she was not entitled to relief under the CAT. *See Zhang*, 432 F.3d at 344; *Majd v. Gonzales*, 446 F.3d 590, 595-96 (noting that an inability to relocate to a safer part of the country is a factor to be considered); *Eduard v. Ashcroft*, 379 F.3d 182, 193 (recognizing that the reasonableness of an alien's fear of future persecution is reduced if other family members remain unharmed in the alien's native country)(asylum claim). The petition for review is therefore DENIED.